```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARLAND ADAMS,                      :    CIVIL ACTION
                                    :    NO. 13-3538
         Plaintiff,         :
                                    :
    v.                              :
                                    :
MICHAEL WENEROWICZ, et al.,         :
                                    :
         Defendants.                :
```

**O R D E R**

**AND NOW,** this **18th** day of **December, 2013,** after review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (ECF No. 10) and Petitioner's objections thereto (ECF No. 13),[1] it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED;**

(2) Petitioner's Objections to the Report and Recommendation are **OVERRULED;**[2]

---

[1] The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2012); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] Magistrate Judge Perkin recommends denying Petitioner's § 2254 petition for a writ of habeas corpus because the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Report & Recommendation 4, ECF No. 10 (citing 28 U.S.C. § 2244(d)(1)). Pursuant to the AEDPA, "a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from '[t]he date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1929 (2013) (quoting 28 U.S.C. § 2244(d)(1)(A)). Here, because Petitioner's judgment of sentence became final before the AEDPA's effective date, he had until April 23, 1997, to file his federal habeas petition, absent any statutory or equitable tolling. Magistrate Judge Perkin concludes that Petitioner is not eligible for any tolling of the limitations period, and thus that his petition is untimely, as it was filed on June 19, 2013.

Petitioner argues that he is entitled to statutory tolling on two grounds: (1) his petition was filed within one year of the new rule of law announced by the Supreme Court in Miller v. Alabama, 132 S. Ct. 2455 (2012); and (2) it is based on predicate facts that were unavailable at the time of his trial. Pet'r's Resp. 6, ECF No. 13; see also Revised Pet. 8, 17, ECF No. 4. Petitioner further contends that, even if his petition would ordinarily be barred by the AEDPA's one-year statute of limitations, it should be permitted here because he has a tenable claim of actual innocence. Pet'r's Resp. 3, 8.

Turning first to Petitioner's Miller v. Alabama argument, it is true that a petitioner can bring an otherwise time-barred claim if he does so within one year of "[t]he date when the constitutional right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(B). In Miller, the Supreme Court held for the first time that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460. Although Petitioner was 18 years and 4 months old at the time of his crime, he contends that he was still clearly an "adolescent" at that time, and thus that he should be able to assert the right recognized in Miller. Pet'r's Resp. 24.

Petitioner's contention that he is no different from the adolescent offender in Miller is compelling. As he rightly notes, the Supreme Court has agreed that "drawing the line at 18 years of age is subject to the objections always raised against categorical rules," and "[t]he qualities that distinguish juveniles from adults do not disappear when an individual turns 18." Pet'r's Resp. 15 (quoting Roper v. Simmons, 543 U.S. 551, 574 (2005)). But, in the very same paragraph, the Court went on say that "a line must be drawn," however categorical that line may be, and 18 years of age "is the point where society draws the

2

line for many purposes between childhood and adulthood." Roper, 543 U.S. at 574.  In Miller, the Court adhered to that categorical approach, explicitly holding that mandatory life without parole violates the Eighth Amendment "for those under the age of 18 at the time of their crimes."  132 S. Ct. at 2460. Petitioner does not claim that he was under 18 at the time of his offense, and so he is not asserting the constitutional right recognized in Miller.  Instead, as Magistrate Judge Perkin explains, he is arguing that the law established in Miller "should be extended to persons over the age of 18."  Report & Recommendation 8.  Therefore, irrespective of the underlying merits or persuasiveness of Petitioner's argument, the Miller decision does not give Petitioner a basis for avoiding the statute of limitations.

Next, Petitioner contends that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(D), which allows a petitioner to file a petition within one year of "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  He argues that the claim he asserts in his petition – namely, that his sentence of mandatory life without parole violates the Eighth and Fourteenth Amendments because of his age at the time of his offense – is predicated upon newly discovered science and social science evidence regarding the diminished culpability of juveniles.  Pet'r's Resp. 6. In support of that contention, he cites extensively to the research on adolescent brain development discussed in Roper v. Simmons and in Graham v. Florida, 560 U.S. 48 (2010).  See Pet'r's Resp. 14-23.

Accepting for the sake of argument that the scientific studies and social science evidence Petitioner identifies could constitute the "factual predicate" referred to in the AEDPA, Petitioner's contention still fails, as more than one year has passed since that evidence was described at length in Roper and Graham.  As the Third Circuit has explained, "[s]ection 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known."  Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (internal quotation marks omitted).  Here, all of the "new facts" Petitioner identifies were discussed either in Roper, which was decided on March 1, 2005, or in Graham, which was decided on July 6, 2010.  Therefore, even if such generalized information could constitute a "factual predicate" under the AEDPA, that

3

information was reasonably knowable to Petitioner more than one year prior to the filing of his petition.

Finally, the Court turns to Petitioner's contention that the AEDPA's statute of limitations does not serve as a barrier to relief in this case because he has a tenable claim of actual innocence. In support of that proposition, he cites to the Supreme Court's recent decision in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), in which the Court held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims notwithstanding the existence of a procedural bar to relief," including the AEDPA's one-year limitations period. Id. at 1931. To make use of that exception to the statute of limitations, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see also McQuiggin, 133 S. Ct. at 1928 (citing the Schlup standard).

Here, Petitioner does not claim that he is innocent of the acts with which he was charged; rather, he claims that "developments in scientific brain evidence persuasively show[] that he is not guilty of the crime of murder but is guilty of the lesser crime of voluntary manslaughter." Pet'r's Resp. 2 (emphasis added). Assuming that a person can be considered "actually innocent" of an offense while admitting guilt to a lesser included offense, Petitioner has not shown that "no reasonable juror would have found [him] guilty" of murder in light of the scientific developments he describes. See Schlup, 513 U.S. at 327. At best, he has shown that adolescents generally lack the maturity and sense of responsibility necessary to achieve the requisite mens rea for murder. While that evidence might give jurors pause when assessing a youthful defendant's guilt, it does not suggest that no adolescent offenders are capable of murder. In other words, even if a jury credited all of Petitioner's evidence, that jury could still reasonably find beyond a reasonable doubt that a particular adolescent offender is guilty of murder. Therefore, as Petitioner presents no evidence specific to his personal level of culpability, he has failed to show that no reasonable juror would have found him guilty, and thus he has not made a "credible showing of actual innocence." See McQuiggin, 133 S. Ct. at 1931.

No. 4) is **DENIED** and **DISMISSED WITH PREJUDICE**;

    (4) A certificate of appealability shall not issue; and

    (5) The Clerk shall mark this case **CLOSED.**

        **AND IT IS SO ORDERED.**

        <u>/s/ Eduardo C. Robreno</u>
        **EDUARDO C. ROBRENO,     J.**